CHIEF JUSTICE WILLIAMS
delivered the opinion op the court.
Appellant brought this suit to recover of appellee three hundred and ninety dollars, which he had paid to the latter as cashier of the branch of the Bank of Kentucky at Hopkinsville, as discount on two several debts which he wished to renew, but which the bank declined, and that said Wallace had neither paid it over to the bank *183 nor returned it to him. There was no issue as to the facts, but only as to the return of the money, which Wallace averred he had done.
On the trial Wallace called on Hester to answer under oath: Where did the transactions referred to in the pleadings take place; and whether with James A. Wallace as cashier ? Hester answered, as to the first, that it took place in the bank; and as to the other, that it was with James A. Wallace as cashier. After which, in answer to his own attorney’s question, among other things, he stated that Wallace, to his certain knowledge, had never repaid this money. Whereupon Wallace demanded to be sworn as to this payment, which the court permitted,, notwithstanding Hester’s objection; and having stated that he had returned said money, the jury found for defendant, which the court refused to disturb, and the plaintiff has appealed; the only question being as to the action of the court on this matter.
Section 673, Civil Code, provides that “in actions of ordinary proceedings, if a party in answering interrogatories, or when introduced as a witness, states new matter not responsive to the inquiries of the adverse party, the latter shall be allowed to testify orally concerning such new matter.”
The meaning evidently of this section is, that a party may introduce his adversary and put to him particular questions, so as to establish particular facts, and if the party testifying shall confine his responses to those inquiries, the party calling on him can not be heard to contradict them; but if the witness shall depart from a direct and simple response by stating other or new matter not responsive to the questions, not being introduced fox-such pxxx-pose, but availing himself of such privilege as a witness to testify in his owxx behalf, his adversary can be heard on such new matter.
*184 The party introducing xhis adversary is only bound thereby so far as his adversary’s testimony is responsive to the interrogatories put. It is urged, however, that the appellant did not introduce new matter; but that is to be ascertained by the determination whether the responses are to relate to the subject-matter of the litigation or to the interrogatories. If to the latter, the response as to the repayment of the money was not only new, but wholly foreign; for what had that to do with the place of the delivery of the money by appellant to appellee in the first instance, or whether it was so delivered to him as cashier or in his own right? When the place of delivery and the character in which appellee acted were fixed, the interrogatories were fully answered; whether the money was afterward repaid was new and foreign matter.
It is provided that if the responses to the interrogatories contain, new matter — that is, matter not relating to the questions put — the other party shall have the right to testify as to this.
This view comports with justice and equality and the presumed intention of the enacting power, as it certainly does with the letter of the law.
The ruling of the court being right, the judgment is affirmed.